Appeal of **THE ERIE COCA COLA**                    **Docket No. 456.**
            **BOTTLING CO.**

A transfer of the entire capital stock of a corporation and a complete new management will not relieve the corporation from its liability to pay an income tax and penalties subsequently assessed by reason of fraudulent returns of the former officers of the corporation, even though the new management is entirely innocent and blameless in the matter.

The Board of Tax Appeals has jurisdiction to determine questions involving fraud or the determination or assessment by the Commissioner of fraud penalties.

Submitted January 20, 1925; decided January 31, 1925.

*C. B. Miller, Esq.,* for the taxpayer.

*M. B. Leming, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LITTLETON, and SMITH.

This is an appeal from a deficiency in income and profits taxes for the years 1919 and 1920 aggregating, with a fifty per cent (50%) penalty, the amount of $3,101.27. The appeal was heard on its merits and from the evidence submitted the Board makes the following

FINDINGS OF FACT.

(1) The taxpayer is a corporation organized under the laws of Pennsylvania with its principal place of business at Erie, Pa.

(2) The deficiency letter was mailed August 29, 1924, and asserted additional profits taxes and the penalty to be due as follows:

|  | Tax | Penalties |
|---|---|---|
| 1919 | $1, 335. 02 | $667. 51 |
| 1920 | 732. 49 | 366. 25 |
| Total | 2, 067. 51 | 1, 033. 76 |
| Total tax and penalties | 3, 101. 27 | |

The deficiency and penalty were due to fraudulent transactions and the falsification of the books of the taxpayer, which resulted in a showing of reduced profits in the returns.

(3) Prior to September 21, 1922, and during the years for which the deficiency is claimed, the entire capital stock of the Erie Coca Cola Bottling Co. was owned by Christopher and Anna Schaeffer, husband and wife.

(4) On September 21, 1922, Christopher and Anna Schaeffer transferred all the capital stock of the taxpayer to John C. McClain, for himself and associates, and in consideration and as a part of such transfer entered into a contract in words and figures as follows:

SEPT. 21, 1922.

Mr. JOHN C. McCLAIN,
     Lancaster, Pa.

DEAR SIR: In consideration of your purchase of four (400) hundred shares of the outstanding capital stock of the Erie Coca Cola Bottling Company from us, for the sum of Fifty-Seven Thousand ($57,000.00) Dollars, we unconditionally hereby guarantee that all indebtedness of the Erie Coca Cola Bottling Company has been or will be paid by the undersigned except the following:

(a) Liability of said corporation to its customers for the return of deposits made by said customers for bottles and cases.

(b) General property taxes and income taxes of said corporation for the year 1922.

(c) Sales or luxury taxes for the month of September, 1922.

We especially agree in case there is any additional assessment levied by the United States of America against the Erie Coca Cola Bottling Company for income taxes or excess profit taxes for years prior to the year 1922, that we will pay or cause to be paid the amount of any such taxes, reserving however the right to make diligent effort to secure an abatement or reduction of any taxes so levied. We also agree to pay or cause to be paid under like conditions any additional taxes which may be levied by the United States of America for sales of bottled Coca Cola and other Beverages for period prior to September 1, 1922.

We further agree that for a period of five (5) years from and after the date hereof we will not directly or indirectly engage in the manufacture or sale of any Beverage, within the territory covered by the license for the bottling of Coca Cola held by the Erie Coca Cola Bottling Company at the present time. In case of default by you in the payment of any note or notes given for said purchase price this covenant shall be null and void.

The undersigned, Christ. Schaeffer, agrees to continue as the general manager of said company without pay until Saturday, September 30, 1922, after which date and until payment of the purchase price in full, he shall receive a compensation of Fifty ($50.00) Dollars per week as such general manager. Until the payment in full of any and all notes given for said stock the said Christ. Schaeffer shall continue as general manager of said company but upon such payment he shall resign such position and shall cause at such time the resignation of all the directors and officers of the Erie Coca Cola Bottling Company.

Very truly yours,       (s)     ANNA SCHAEFFER.
                               (s)     CHRISTOPHER SCHAEFFER.

The above letter correctly states our agreement to all of which I hereby agree.

                               (s)     JOHN C. McCLAIN.

(5) Upon the taking over of the management of the corporation, John C. McClain and his associates opened new books of account, amended the charter to increase the capitalization to $100,000, but the taxpayer ever since has been and is now doing business under its original charter.

(6) Christopher Schaeffer, while an officer and stockholder of the taxpayer, made false and fraudulent income-tax returns for the years 1919 and 1920. On the 4th day of May, 1923, he made a written and verified confession of such wrongful returns and the facts concerning the falsification of the taxpayer's books of account. Thereupon, the penalty was assessed as an additional tax as above stated.

(7) The officers and stockholders who succeeded Christopher and Anna Schaeffer after the transfer of the outstanding stock on September 21, 1922, had no knowledge of said false returns until the 4th day of May, 1923, when a revenue agent made a reexamination of the accounts of the taxpayer, and Christopher Schaeffer confessed.

(8) Christopher and Anna Schaeffer have made no attempt to pay said tax, though the present stockholders have attempted to have them comply with the terms of the agreement of September 21, 1922.

## DECISION.

The determination of the Commissioner is approved.

## OPINION.

GRAUPNER: From the foregoing facts, it is clear that the new management of the taxpayer have their remedy against Christopher and Anna Schaeffer in an action to recover the amount of the deficiency tax assessed, under their express agreement to pay the same. So far as the Commissioner is concerned he can only look to the taxpayer. The taxpayer, in its petition, contends that upon the transfer of the stock on September 21, 1922, a new corporation was in fact created, and that the Commissioner should look to the Schaeffers, who were responsible for the deficiency in tax, for the payment of same. With this we can not agree.

From the evidence adduced at the hearing, it is clear that the taxpayer ever since has operated and is now in fact operating under the original charter obtained by the Schaeffers. While the present management is entirely innocent of any wrongdoing and may even not be able to recover the amount of the tax from the Schaeffers, the obligation of the corporation to the United States Government still obtains. It is too well established to require argument, that the continued existence and identity of a corporation as a legal entity, as well as its liabilities, are not in any way affected by the change in its membership or transfer of capital stock (7. R. C. L. 25–26). We must accordingly hold that the taxpayer corporation is liable for the tax imposed in this case.

The Commissioner, in his answer, alleges that it is without the jurisdiction of this Board to hear and decide questions involving the determination or assessment of fraud penalties. We have already held that this Board has such jurisdiction. *Appeal of Gutterman Strauss Company*, 1 B. T. A. 243.